## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RHONDA FLEMING,**

**Petitioner,**

**v.**

**WARDEN RUDOLPH,**

**Respondent.**

**Case No. 26-CV-00867-SPM**

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner Rhonda Fleming, an inmate incarcerated at FCI Greenville in Greenville Illinois, but temporarily housed at the Metropolitan Correctional Center ("MCC") in Chicago Illinois.[1] (Docs. 1, 9). This Petition is now before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 1(b) gives this Court the authority to apply these Rules to other habeas corpus cases. For the following reasons, the Petition is **DENIED** and the matter is **DISMISSED without prejudice**.

### FACTUAL AND PROCEDURAL BACKGROUND

Rhonda Fleming is a Messianic Jew who observes the Sabbath on Saturday.

---

[1] According to Fleming, she was temporarily moved from FCI Greenville to MCC in July 2026 "in relation to the issues filed in the Petition." (Doc. 9). Because the claims brought by Fleming are not cognizable in a Section 2241 Petition, *see infra* pp. 2–3, the Court need not analyze whether her claims are mooted by this change.

(Doc. 1, p. 8). She is also a participant in the Federal Bureau of Prison's ("BOP") Female Integrated Treatment ("FIT") and Resident Drug Alcohol Program ("RDAP") Fleming alleges that her participation in the FIT and RDAP conflicts with her ability to observe the Sabbath. (*Id.*). Specifically, Fleming asserts that both the employees of the FIT and RDAP and other inmates have engaged in a pattern of verbal and physical abuse aimed at her exemption and her Jewish faith. (*Id.*, pp. 8–10). Fleming filed the instant Petition on June 15, 2026.[2] (Doc. 1).

## ANALYSIS

A petitioner may bring a petition under 28 U.S.C. § 2241 to challenge the fact or duration of the petitioner's confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973). The Supreme Court has established that habeas petitions are appropriate only where "success in [the] action would necessarily demonstrate the invalidity of confinement or duration." *Wilkinson v. Dotson,* 544 U.S. 74, 82 (2005). Additionally, "the Supreme Court has long held that a civil rights action brought pursuant to 42 U.S.C. § 1983 is the proper vehicle for challenging a condition of confinement . . . ." *Pinkney v. U.S. Dep't of Just.*, No. 07-CV-106, 2009 WL 277551 *2 (N.D.W. Va. Feb. 5, 2009). Rule 4 authorizes the Court to dismiss a habeas petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

In her Petition, Fleming raises two grounds, both of which allege unlawful interference with her faith. Ground One alleges that the Warden "refuses to allow

---

[2] The Court notes that Fleming filed multiple grievances with the Federal Bureau of Prisons on this matter. (Doc. 1, pp. 2–4).

Fleming to observe the Sabbath. The Warden alleges that Fleming's FIT/RDAP comes before her faith." (*Id.*, p. 4) (citation modified). Ground Two asserts that "Inmates are allowed to have authority over me & interfere in my treatment in violation of FBOP policy and the 8th Amendment." (*Id.*, p. 5).

Fleming's grounds for relief do not challenge the fact or duration of her confinement. Rather, she challenges the conditions under which she is being held. *Glaus v. Anderson,* 408 F.3d 382, 386 (7th Cir. 2005). Claims about conditions of confinement related to religious expression cannot be brought in a habeas petition. *See e.g., Knutson v. Lenzner*, No. 24-CV-126-JDP, 2024 WL 1619350, at *1 (W.D. Wis. Apr. 15, 2024); *McClain v. Lucas*, No. 20-CV-1798-BHL, 2021 WL 948774, at *2 (E.D. Wis. Mar. 12, 2021). Accordingly, Fleming's claim cannot be brought pursuant to § 2241 and must be filed as a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

### CONCLUSION

For the reasons set forth above, Rhonda Fleming's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to close this case on the Court's docket.

If Fleming wishes to appeal the dismissal of this action, her notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, she will be liable for

a portion of the $605.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past 6 months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

**DATED: August 11, 2026**

**STEPHEN P. McGLYNN**
**U.S. District Judge**